[Circuit Court of Cuyahoga County.]

HENRY W. LEMAN, RECEIVER OF THE MEXICAN SOUTHEASTERN RAILROAD CO. v. JOHN C. MACLENNAN.

Decided, October 27, 1905.

*Jurisdiction—Personal Judgment on Service by Publication—Without Validity, When—Record of, can not be Contradicted by Evidence Aliunde, When—Foreign Receiver of Corporation—Can not Maintain Action in this State to Collect Corporate Assets.*

1. A personal judgment, rendered in an action for money only in a state court against a non-resident of the state, who was served by a publication of summons, without personal service of process within the state, and who did not appear in the action, is without any validity; and where the record of said judgment contains an affirmative finding that the service was by publication, and no statement that the court otherwise acquired jurisdiction over him, said record can not be contradicted by evidence *aliunde*.

2. The receiver of a corporation, with no other title to its assets and property than that derived from his appointment in a suit brought in another state to adjudicate and enforce liens and subject said assets and property to the payment of the claims of creditors, can not maintain an action in this state for the collection of said assets, either in his own name or in that of the corporation.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the court of common pleas.

The plaintiff brought his action in the common pleas court, and in his third amended petition alleged three causes of action against the defendant.

In his first cause of action he recites that on the 5th day of February, 1898, in a certain action pending in the District Court of New Mexico, at Santa Fe, a court of general jurisdiction, the Mexican Southeastern Railroad Company, defendant in said action, was declared insolvent and plaintiff was duly appointed its receiver, with the usual powers of receivers, and was ordered to bring suit against the stockholders of the corporation to recover such amounts as might be due from them, respectively, on account of unpaid stock liability.

That in compliance with said order plaintiff, as receiver, brought suit in said district court against all the stockholders of said company and the corporation; defendant, John C. Mac-Lennan, being one of the defendants in said suit, and being a non-resident of New Mexico, said defendant was served by publication, and several creditors of the corporation having filed intervening answers and the corporation having answered, that said court entered its decree which is set forth in full in the said first cause of action.

From said decree it appears that the court allowed certain claims against the corporation, aggregating $26,369, which it found due said intervening creditors; that $9,000,000 of the capital stock of the corporation was issued by it to one George E. Detwiler and one Emil B. Bary, in consideration of the transfer by them to the corporation of a certain concession from the Republic of Mexico to them, and for no other consideration; that said concession had no actual value and that its transfer to the company did not constitute payment for said stock, or any part thereof; that before the incurring of said indebtedness to said intervening creditors, the defendant, John D. Mac-Lennan, with full knowledge that said stock had not been paid up, became, and was, at the time of said decree, the owner and holder of 15,649 shares of said stock, of the par value of $1,-564,900, and that certain other stockholders, named in said decree, were also holders of said stock which had not been paid up.

Said decree further finds that said defendant was liable to said receiver for the use and benefit of the creditors whose claims had been allowed, for the sum of $1,564,900, or such part as might be necessary to pay the claims of said creditors, and orders the receiver to proceed to collect the amount of said claims from said defendant, John D. MacLennan, and other stockholders, or either of them, wherever they might be found.

The first cause of action concludes with an averment that by virtue of said decree there is due from defendant to plaintiff the sum of $26,369.06 with interest.

The second cause of action, after incorporating in it all the allegations of the first defense and a statement that the pleader

is uncertain as a matter of law, how far the findings of fact and law, set forth in said decree, are binding and conclusive against the defendant "in that the record in said cause and decree as entitled therein shows and contains a finding that the defendant was brought into court by due publication of the pendency of said suit, as required by law, and having made default therein a decree *pro confesso* had been theretofore entered against him in said cause, said record and decree being silent and making no other finding whatever of any kind of service than is above stated, and being silent and making no finding whatever of any appearance in said action by said MacLennan, either in person or by attorney," yet that said MacLennan did in fact enter his appearance in said cause by a regularly authorized attorney who took part in the argument of said cause, and argued the cause on behalf of said defendant.

The third cause of action, reincorporating the allegations of the first cause of action with an allegation of the pleader's doubts as to the binding force of said decrees upon said defendant, proceeds to set forth the several findings in said decrees as facts, independent of said decrees.

To each of these causes of action the defendant demurred upon the following grounds:

1st. The plaintiff, as receiver of the Mexican Southeastern Railroad Company, appointed as such by the court in New Mexico, is without authority, outside of New Mexico, and has no legal capacity as such receiver to maintain this action.

2d. The plaintiff, as such receiver, has no title to the claims described in said cause of action.

3d. The facts stated in said causes of action are not sufficient to constitute a cause of action against defendant.

4th. There is a defect of parties defendant, in that all stockholders of said company should be joined as parties defendant hereto.

The demurrer being sustained by the common pleas court and judgment entered thereon, plaintiff brought the matter to this court on error, for a review of the rulings on said demurrer.

As to the fourth ground of demurrer, defect of parties defendant, we think defendant's position is not well taken. *Blair* v. *Newbegin*, 65 O. S., 425.

The third ground of demurrer, so far as it raises the question that the decree pleaded in the first and second causes of action has no effect or validity as a judgment against defendant, we think is well taken.

"A personal judgment is without any validity, if it be ren-. dered by a state court in an action upon a money demand against a non-resident of the state, who was served by a publication of summons, but upon whom no personal service of process within the state was made, and who did not appear." *Pennoyer* v. *Neff*, 95 U. S., 714; *Oil Well Supply Co.* v. *Koen*, 64 O. S., 422.

The record and decree contain an affirmative finding that the service upon MacLennan was by publication and no proof that the court otherwise acquired jurisdiction over him could be made, for it would tend to contradict the record, which is not permitted. 17 Am. & Eng. Enc. of Law, 1077, 1081.

But plaintiff claims that the decree, if not good as a judgment, at least amounts to an assessment upon MacLennan as a stockholder in the company, and that a corporation can make an assessment upon its stockholders without their presence and, upon the insolvency of the corporation, a court may make a like assessment, good as such, though not binding as a judgment.

Some support to this general claim is found in the case of *Great Western Telegraph Co.* v. *Purdy*, 162 U. S., 329, but we think that case distinguishable from the case at bar. Mr. Justice Gray, in delivering the opinion of the court seemed to lay stress upon the fact that the assessment made by the court "was such as the directors might have made before the appointment of a receiver." Manifestly the directors of the Mexican Southeastern Railroad Company could not have made the assessment the District Court of New Mexico made in this case, for, as between the corporation and the stockholders, the issue of stock in payment for the Mexican concession was good. *Orton* v. *Edson Reduction Co.*, 5 C. C.—N. S., 541.

But, if we are wrong in this conclusion, we think the whole case depends upon the authority of the receiver to maintain this suit in Ohio, a proposition raised by the first ground of the demurrer.

This question may be considered settled adversely to the claims of the plaintiff, in the federal courts. The most recent utterance of the Supreme Court of the United States upon the subject is found in the case of *Great Northern Mining & Manufacturing Co.* v. *Harris*, 25 Supreme Court Reporter, 770, advance sheets published July 15, 1905, the syllabus of which case reads as follows:

"The receiver of a corporation, with no other title to its assets and property than that derived from his appointment in a suit brought to adjudicate and enforce liens and subject the property to the payment of the claims of creditors, can not be empowered by the court of his appointment to sue in a foreign jurisdiction, either in his own name or in that of the corporation, to realize its assets."

Mr. Justice Day, delivering the opinion of the court, makes the following observations:

"As to the power of the court to authorize the receiver to sue, we think the case is ruled by *Booth* v. *Clark*, 17 How., 338; 15 L. Ed., 1170, in which case the authority of the court to authorize a receiver appointed in one jurisdiction to sue in a foreign jurisdiction was the subject of very full consideration. In that case it was held that a receiver is an officer of the court which appoints him, and, in the absence of some conveyance or statute vesting the property of the debtor in him, he can not sue in courts of a foreign jurisdiction upon the order of the court which appointed him, to recover the property of the debtor. While that case was decided in 1854, its authority has been frequently recognized in this court, and as late as *Hale* v. *Allison*, 188 U. S., 56; 47 L. Ed., 380; 23 Sup. Ct. Rep., 244, it was held by Mr. Justice Peckham, who delivered the opinion of the court:

" 'We do not think anything has been said or decided in this court which destroys or limits the controlling authority of that case.' * * *

"It will thus be seen that the decision in *Booth* v. *Clark* rests upon the principle that the receiver's right to sue in a foreign jurisdiction is not recognized upon principles of comity, and

the court of his appointment can clothe him with no power to exercise his official duties beyond its jurisdiction. The grounds of this conclusion is that every jurisdiction in which it is sought, by means of a receiver, to subject property to the control of the court, has the right and power to determine for itself who the receiver shall be, and to make such distribution of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the court, or its approval as to the officer who shall act in the holding and distribution of the property recovered.  *  *  *

"It is urged that jurisdiction in this case is sustained by the case of *Great Western Teleg. Co.* v. *Purdy,* 162 U. S., 329; 40 L. Ed. 986; 16 Sup. Ct. Rep., 810, in which it was held that the assets and affairs of an insolvent corporation being in the hands of a receiver, the court might direct the calls or assessments upon delinquent shareholders who had not paid for their shares, thereby using the authority the directors might have exercised before the appointment of the receiver. In that case, a receiver appointed by the Circuit Court of Cook County, in Illinois, under the direction of that court brought an action in the name of the Great Western Telegraph Company, an Illinois corporation, by its receiver, against Purdy, a citizen of Iowa, to recover a sum alleged to be due from him upon an assessment upon his stock subscription, and it was held that the Illinois court might make the assessment and calls necessary to collect the stock which would be binding in another court. The jurisdiction of the Iowa court was not called in question in the state court of Iowa, where the original action was brought, nor was the question of jurisdiction raised in this court, or passed upon in deciding the case. While not detracting from the authority of that case as to the matter decided, we see nothing in it to indicate that, had the question herein presented been made, it would have been decided otherwise than herein indicated."

We think the receiver herein is of the class mentioned in the cases of *Booth* v. *Clark* and *Great Western Co.* v. *Harris, supra;* and not one vested with the property of the corporation. The petition alleges that plaintiff was duly appointed "with the usual powers of receivers and was ordered to bring suit against the stockholders."

We think the rule laid down by the federal cases cited should be followed and applied in the case before us, notwithstanding it is claimed by counsel for plaintiff that the rule is otherwise in Ohio, by reason of the decision of our own Supreme Court in the case of *Bank* v. *McLeod*, 38 O. S., 174.

We are not disposed, however, to apply the doctrine of that case beyond the special facts stated and limitations made in its syllabus, which reads as follows:

"In a suit in chancery pending in a Kentucky Court, wherein the trustees of an insolvent railroad corporation sought to enforce their rights under certain mortgages of the road and its equipment, the conditions of which had been broken, an application was made for the appointment of a receiver to take charge of and operate the road. Pending this application, certain rolling stock covered by the mortgage was temporarily in Ohio, and while here was seized in attachment by an unsecured Kentucky creditor. The entire property was insufficient to pay the debts secured by the mortgages, or to earn income to pay the interest. The order of the court appointing the receiver, made subsequent to the seizure in attachment, ordered him to take possession of all the property, including that seized, and authorized him to sue in his own name as such receiver, whenever necessary to perform his duties. *Held*: That the mortgages covered the rolling stock, though temporarily in this state, and the receiver might, under the comity between states, by an action brought in this state in his own name, assert his right to the possession thereof, where such right is not in conflict with the rights of our own citizens, nor against the policy of our laws."

The case of *Booth* v. *Clark* was fully considered in the decision of the case and a careful reading of the statement of facts and opinion of the court will disclose the reasons given by the Supreme Court for not following the doctrine of *Booth* v. *Clark* in the determination of the case before it.

The common pleas court was not in error in sustaining the demurrer to the third amended petition and its judgment is therefore affirmed.

*Smith, Beardsley & Morgan,* for plaintiff in error.

*Hoyt, Dustin & Kelley,* for defendant in error.